1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    LAMONT CROSSLEY,                     No. 2:23-cv-3045 DJC CSK P

11                 Plaintiff,

12          v.                             ORDER

13    DR. ARYA,

14                 Defendant.

15

16          Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

17    Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel

18    to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490

19    U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to

20    voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d

21    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

23    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

24    se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

25    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

26    burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

27    common to most prisoners, such as lack of legal education and limited law library access, do not

28    establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

1

1    In the pending motion, plaintiff alleges that his handwriting hand is broken as a result of

2  an assault occurring on May 11, 2024.  (ECF No. 19 at 2.)  Plaintiff alleges that he will have

3  surgery on his hand which may impact his ability to litigate this action for approximately three

4  months.  (Id.)  This Court is sympathetic to plaintiff's hand injury.  However, at this time, this

5  Court does not find that plaintiff's hand injury warrants appointment of counsel.  No scheduling

6  order has been issued in this action.  If plaintiff is unable to prosecute this action due to his hand

7  injury, he shall notify the Court.

8    Having considered the factors under Palmer, this Court finds that plaintiff failed to meet

9  his burden of demonstrating exceptional circumstances warranting the appointment of counsel at

10  this time.

11    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

12  counsel (ECF No. 19) is denied without prejudice.

13  Dated:  May 29, 2024

14  _____
      CHI SOO KIM
15  UNITED STATES MAGISTRATE JUDGE

16  cros3045.31
      2
17

18

19

20

21

22

23

24

25

26

27

28