UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT CROSSLEY, | No. 2:23-cv-3045 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| DR. ARYA, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to the mailbox rule, on October 10, 2024, plaintiff filed a pleading titled "First Amended Complaint."  (ECF No. 27.)  Plaintiff's first amended complaint is docketed as a motion to amend.  (Id.)  For the reasons stated herein, plaintiff's first amended complaint is disregarded.

This action proceeds on plaintiff's original complaint against defendant Dr. Arya as to plaintiff's Eighth Amendment and state law medical malpractice claims based on defendant Arya's alleged failure to provide adequate medical care for plaintiff's broken wrist.  (ECF Nos. 1, 5.)  Plaintiff's original complaint also raises Eighth Amendment and state law medical malpractice claims against a doe defendant for allegedly providing inadequate medical care for plaintiff's broken wrist.  (ECF No. 1.)  In the amended complaint, plaintiff states that he seeks to amend his complaint to identify the doe defendant as Nurse Jennie Pascua.  (ECF No. 27.)

1

1  Plaintiff's amended complaint does not, however, include plaintiff's claims against defendants
2  Arya and Pascua.  (Id.)

3  Local Rule 220 requires that an amended complaint be complete in itself without
4  reference to any prior pleading.  This requirement exists because, as a general rule, an amended
5  complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806
6  F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being
7  treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended
8  complaint, the original pleading no longer serves any function in the case.  Therefore, in an
9  amended complaint, as in an original complaint, each claim and the involvement of each
10 defendant must be sufficiently alleged.

11 Plaintiff's amended complaint filed October 10, 2024 does not comply with Local Rule
12 220 because it fails to include plaintiff's Eighth Amendment and state law medical malpractice
13 claims against defendants Arya and Pascua.  Accordingly, plaintiff's amended complaint is
14 disregarded.  Plaintiff is granted thirty days to file a proposed amended complaint identifying
15 defendants Arya and Pascua as the defendants and including plaintiff's Eighth Amendment and
16 state medical malpractice claims against defendants Arya and Pascua.  Plaintiff shall also file a
17 motion for leave to file an amended complaint with the proposed amended complaint.  In the
18 motion to amend, plaintiff shall address how and when he discovered the identity of defendant
19 Pascua as the doe defendant.

20 Accordingly, IT IS HEREBY ORDERED that:

21 1. Plaintiff's amended complaint (ECF No. 27), docketed as a motion to amend, is
22 disregarded; and

23 2. Plaintiff is granted thirty days from the date of this order to file a proposed amended
24 complaint and motion for leave to file an amended complaint; and

25 3. Defendant Arya may file a response to plaintiff's motion for leave to file an amended
26 complaint within twenty-one days thereafter.

27 ///

28 ///

Dated:  October 25, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cross3045.ord

2