UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT CROSSLEY, | No. 2:23-cv-3045 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| DR. ARYA, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion to compel filed October 10, 2024, pursuant to the mailbox rule. (ECF No. 28.) For the following reasons, plaintiff's motion to compel is denied.

**I. PLAINTIFF'S CLAIMS IN THE MOTION TO COMPEL**

Plaintiff claims that he served defendant with a request for production of documents seeking all medical records related to plaintiff's right wrist injury. (Id. at 1.) Plaintiff claims that in the response to the request for production of documents, defendant withheld the 7362 medical request for treatment form plaintiff made to Jennie Pascua concerning plaintiff's right wrist injury and the progress report Jennie Pascua would have had to generate. (Id.) Plaintiff also claims that defendant may be withholding numerous 7362 medical requests submitted by plaintiff concerning right wrist pain and requests for ongoing treatment. (Id. at 1-2.) Plaintiff alleges that on

September 23, 2024, plaintiff attempted to resolve this issue with defendant by sending defense counsel a letter. (Id. at 2.) Plaintiff alleges that he also sought to resolve this dispute with defendant at his deposition on October 3, 2024. (Id.) Plaintiff requests that the Court order defendant to comply with his request for records contained in the motion to compel. (Id.) Plaintiff also requests that he be allowed to personally review his medical records from January 1, 2021 through July 2024. (Id.) Plaintiff also requests that he be allowed to copy the documents concerning his right wrist injury in his medical records. (Id.)

**II. DISCUSSION**

In the opposition, defendant argues that plaintiff's motion to compel should be denied because defendant served plaintiff with a supplemental response to his request for production of documents. (ECF No. 30.) By way of background, on September 12, 2024, defendant served plaintiff with the initial response to the request for production of documents. (Id. at 13.) On or around September 23, 2024, plaintiff mailed a letter to defense counsel stating that documents concerning plaintiff's right wrist injury were missing from defendant's response to the request for production of documents. (Id. at 15.) In the letter, plaintiff stated that he had not received any 7362 medical requests made from January 21, 2021 through July 2024 as well as Nurse Progress Reports. (Id.) Plaintiff requested that defendant provide plaintiff with all of the medical records plaintiff requested or that plaintiff be allowed to review his medical file and copy the records related to plaintiff's wrist injury. (Id.)

On October 8, 2024, defense counsel sent plaintiff a letter addressing plaintiff's request for additional records related to his right wrist injury contained in plaintiff's letter dated September 23, 2024 and discussed at the meet and confer following plaintiff's October 3, 2024 deposition. (Id. at 20.) This letter states that, as agreed during the October 3, 2024 meet and confer, defendant Arya searched for additional documents responsive to plaintiff's request for production of documents, specifically CDCR 7362 forms and nurse progress reports relating to plaintiff's right wrist. (Id.) This letter states that following a good faith effort to locate additional documents, defense counsel is enclosing defendant Arya's supplemental response to plaintiff's request for production of documents. (Id.) The supplemental response included a Health Care

Services request dated December 29, 2021, a request for services dated March 2, 2022, and a consultation report prepared by Dr. Welborn on May 4, 2022.  (Id. at 24-25.)

It appears to this Court that plaintiff filed the motion to compel prior to receiving defendant's supplemental response to the request for production of documents.  For this reason, this Court agrees with defendant's argument in the opposition that plaintiff's motion to compel is moot because defendant served supplemental responses to plaintiff's request for production of documents.  In making this finding, this Court makes the following observations.  Signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the court.  See Fed. R. Civ. P. 11(b).  Further, defendant is required to supplement their discovery responses should they learn that the responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to plaintiff.  See Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Regarding plaintiff's request for an order allowing him to review and copy his medical records, plaintiff does not claim that he submitted a request for an Olsen Review regarding his medical records.[1]  Because plaintiff fails to allege that he submitted a request for an Olsen Review, this Court need not address plaintiff's request for an order allowing him to review his medical records.  If plaintiff's request for an Olsen review is denied, plaintiff may renew his request for an order allowing him to review his medical records.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 28) is denied.

Dated:  December 4, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cross3045.com/2

---

[1] An Olsen Review is a process where an inmate submits a request to view his medical records, and then prison staff will set up a time for the inmate to review his records.  See Gray v. Virga, 2015 WL 1509082, at *3 (E.D. Cal. Apr. 1, 2015).

3