UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT CROSSLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. ARYA,<br><br>        Defendant. | No. 2:23-cv-3045 DJC CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for reconsideration of the order filed December 4, 2024 denying plaintiff's motion to compel. (ECF No. 38.) In this motion, plaintiff requests that the Court reevaluate plaintiff's motion to compel by considering plaintiff's untimely reply to defendant's opposition to plaintiff's motion to compel. (Id.) Also pending is plaintiff's supplement to the motion for reconsideration, which contains a motion for appointment of counsel. (ECF No. 42.)

      Because the motion for reconsideration is not specifically addressed to the District Court Judge, this Court construes the motion for reconsideration as addressed to this Court. For the following reasons, this Court issues the following orders: 1) plaintiff's motion for reconsideration is granted and the December 4, 2024 order denying plaintiff's motion to compel is vacated to

consider plaintiff's reply; 2) the untimeliness of plaintiff's reply to defendant's opposition to plaintiff's motion to compel will be excused and plaintiff's reply will be considered; 3) taking into consideration plaintiff's reply to defendant's opposition, plaintiff's motion to compel is denied; and 4) plaintiff's supplement to the motion for reconsideration and motion for appointment of counsel are denied.

## II.  LEGAL STANDARD FOR MOTION FOR RECONSIDERATION

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

## III.  BACKGROUND

This action proceeds on plaintiff's original complaint filed December 28, 2023 against defendant Arya as to plaintiff's Eighth Amendment and state law medical malpractice claims based on defendant Arya's alleged failure to provide adequate medical care for plaintiff's broken wrist.  (ECF Nos. 1, 5.)  Plaintiff alleges that he fractured his wrist in October 2021 and did not see an orthopedic surgeon until May 2022.  (ECF No. 1 at 2-5.)  Also pending before the Court is plaintiff's motion to amend the complaint to identify the doe defendant nurse named in the complaint against whom plaintiff raises Eighth Amendment and state law medical malpractice claims for alleged failure to provide adequate medical care for plaintiff's broken wrist.  (ECF No.

2

1  31.) In the motion to amend, plaintiff identifies the doe defendant nurse as Jennie Pascua. (Id.)
2  This Court has separately recommended that plaintiff's motion to amend be granted.

3       Pursuant to the mailbox rule, plaintiff filed the motion to compel on October 10, 2024.
4  (ECF No. 28.) On November 6, 2024, defendant Arya filed an opposition to the motion to
5  compel. (ECF No. 30.) Plaintiff did not file a timely reply to defendant's opposition. On
6  December 4, 2024, this Court denied plaintiff's motion to compel for the following reasons.
7  (ECF No. 33.)

8       In the motion to compel, plaintiff claimed that he served defendant Arya with a request for
9  production of documents seeking all medical records related to plaintiff's right wrist injury. (Id.
10 at 1.) In the motion to compel, plaintiff claimed that in the response to the request for production
11 of documents, defendant Arya withheld the 7362 medical request for treatment form plaintiff
12 made to Jennie Pascua concerning plaintiff's right wrist injury and the progress report Jennie
13 Pascua would have had to generate. (Id.) Plaintiff also claimed that defendant Arya may be
14 withholding several 7362 medical requests submitted by plaintiff concerning wrist pain and
15 requests for ongoing treatment. (Id.) On or around September 23, 2024, plaintiff sent defendant
16 Arya a letter regarding the allegedly missing documents. (Id. at 2.) On October 3, 2024, during a
17 meet and confer, defendant Arya agreed to search for additional documents responsive to
18 plaintiff's request for production of documents, specifically CDCR 7362 forms and nurse
19 progress reports relating to plaintiff's right wrist. (Id.) On October 8, 2024, defendant Arya sent
20 plaintiff a letter stating that following a good faith effort to locate additional documents,
21 defendant Arya enclosed a supplemental response to the request for production of documents,
22 which included three additional documents: a health care service request dated December 29,
23 2021, a request for services dated March 2, 2022 and a consultation report prepared by Dr.
24 Wellborn on May 4, 2022. (Id. at 2-3.)

25      On December 4, 2024, this Court denied plaintiff's motion to compel because plaintiff
26 filed the motion to compel prior to receiving defendant's supplemental response to the request for
27 production of documents. (ECF No. 33 at 3.) This Court found that plaintiff's motion to compel
28 was moot based on defendant's supplemental response. (Id.) This Court also observed that

1  signed discovery responses are certifications to the best of the person's knowledge, information
2  and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks
3  omitted), as are other signed filings presented to the court. See Fed. R. Civ. P. 11(b). (Id.) This
4  Court stated that defendant was required to supplement their discovery responses should they
5  learn that the responses were incomplete or incorrect, if the incomplete or incorrect information
6  had not otherwise been made known to plaintiff. See Fed. R. Civ. P. 26(e)(1). (Id.) In the
7  December 4, 2024 order, this Court declined to address plaintiff's claim that he was denied access
8  to his medical records, raised in the motion to compel, because plaintiff failed to allege that he
9  submitted a request for an Olsen Review.[1] (Id.)

Pursuant to the mailbox rule, plaintiff filed a reply to defendant's opposition to plaintiff's motion to compel on December 1, 2024. (ECF No. 34 at 21.) Plaintiff's reply was entered on the court docket on December 4, 2024. (Id.) This Court was not aware of plaintiff's reply when it issued the December 4, 2024 order denying plaintiff's motion to compel.

**IV. DISCUSSION**

**A. Motion for Reconsideration**

In the motion for reconsideration of the December 4, 2024 order denying plaintiff's motion to compel, plaintiff claims that he did not receive defendant's opposition to his motion to compel until November 21, 2024. (ECF No. 38 at 2.) For this reason, plaintiff filed his reply to the opposition on December 1, 2024. (Id.) In the motion for reconsideration, plaintiff requests that this Court reevaluate the motion to compel taking into consideration plaintiff's reply. (Id.) This Court finds that plaintiff shows good cause for the untimely filing of his reply. Accordingly, plaintiff's motion for reconsideration is granted, the December 4, 2024 order is vacated, the untimeliness of plaintiff's reply filed December 1, 2024 is excused, and this Court next reevaluates plaintiff's motion to compel taking into consideration plaintiff's reply.

///

---

[1] An Olsen Review is a process where an inmate submits a request to view his medical records and then prison staff will set up a time for the inmate to review his medical records. See Gray v. Virga, 2015 WL 1509082, at *3 (E.D. Cal. Apr. 1, 2015).

### B. Plaintiff's Motion to Compel

In his reply, plaintiff claims that he submitted to prison officials two 7362 Medical Health Care Request Forms related to his broken wrist, attached to the reply as exhibits E and F. (ECF No. 34 at 2, 17-20.) Plaintiff claims that he possessed Exhibits E and F before the discovery process. (Id.) Plaintiff claims that defendant Arya failed to provide plaintiff with exhibits E and F in defendant Arya's response to plaintiff's request for production of documents. (Id. at 3.) Based on defendant Arya's failure to provide exhibits E and F in response to plaintiff's request for production of documents, plaintiff requests that this Court order that plaintiff be allowed to personally review his medical file and be allowed to copy any documents in his medical file that are relevant to the instant action. (Id.) Plaintiff also attaches to his reply, as exhibits B, C and D, the three additional documents defendant Arya sent plaintiff in the supplemental response to plaintiff's request for production of documents. (Id. at 7-16.)

To put plaintiff's claim that defendant Arya failed to produce exhibits E and F in context, this Court describes exhibit B attached to plaintiff's reply, which defendant Arya provided to plaintiff in the supplemental response to the request for production of documents. Exhibit B includes a 7362 Health Care Services Request Form signed by plaintiff on December 26, 2021. (Id. at 9.) In this form, plaintiff requested treatment for his hand/wrist. (Id.) Below the section of this form containing plaintiff's name and the reason he requested health care is a section titled, "Part II: To Be Completed By the Triage Registered Nurse." (Id.) Part II of this form contains the signature of the nurse who reviewed plaintiff's request as well as the notation by the reviewing nurse of the date/time received and the date/time reviewed, which documents that prison officials received this form. (See id.) The reviewing nurse received and reviewed this health care request on December 29, 2021. (Id.) Also attached to exhibit B is another form titled "7362 Health Care Services Request," which appears to be a typewritten record of the 7362 Health Care Services Request Form signed by plaintiff on December 26, 2021. (Id. at 8.)

Plaintiff's exhibit E, which plaintiff claims defendant Arya failed to provide in the response to the request for production of documents, contains the top section of a 7362 Health Care Services Request Form signed by plaintiff on March 22, 2022. (Id. at 18.) In this form,

5

plaintiff requested medical care for his wrist. (Id.) Plaintiff did not submit the bottom section of this form containing the section titled, "Part II: To Be Completed by the Triage Registered Nurse." (Id.) Plaintiff's exhibit F, which plaintiff claims defendant Arya failed to provide in the response to the request for production of documents, is a 7262 Health Care Request Form signed by plaintiff on April 11, 2022. (Id. at 20.) In this form, plaintiff requested medical care for his wrist. (Id.) Plaintiff did not submit the bottom section of this form containing the section titled, "Part II: To Be Completed by the Triage Nurse." (Id.)

Based on plaintiff's failure to submit the bottom sections of the 7362 Health Care Services Request Forms, attached as exhibits E and F to the reply, containing the section to be completed by the Triage Registered Nurse (Section II), this Court cannot find that prison officials received these forms. In contrast, Plaintiff's exhibit B, which was produced by defendant Arya, includes Section II filled out and signed by the reviewing prison nurse. For this reason, plaintiff fails to demonstrate that the forms in exhibits E and F are in his medical records and that defendant Arya failed to provide plaintiff with these forms or other medical records in the response to the request for production of documents. Accordingly, after consideration of plaintiff's reply, plaintiff's December 4, 2024 motion to compel is denied.

### C. Supplement to Motion for Reconsideration

On April 28, 2025, plaintiff filed a pleading titled, "Supplemental Evidence in Support of Motion to Compel Discovery by Plaintiff." (ECF No. 42.) Attached to this pleading as Exhibit A is a document plaintiff claims demonstrates that he requested to review his medical file. (Id. at 2, 3-6.) Exhibit A is a form titled, "Authorization for Release of Protected Health Information." (Id. at 3.) This document contains a request by plaintiff for his health care records from June 2021 to August 2022. (Id.) Plaintiff signed this form on August 21, 2022. (Id. at 5.) This form contains a stamp dated August 23, 2022, which appears to be the date prison officials received this document. (Id.) Plaintiff claims that in response to plaintiff's request for review of health care records contained in this form, prison officials "picked and chose" what documents to send plaintiff because they were aware that plaintiff was pursuing a civil claim against their medical employees. (Id. at 2.) Plaintiff states that he did not have the document attached as exhibit A

6

1 when he filed his motion to compel. (Id.) Plaintiff requests that the Court grant his motion to
2 compel based on the alleged inadequate response by prison officials to his request for medical
3 records submitted on August 21, 2022. (Id.) Plaintiff also requests appointment of counsel. (Id.)

4       To the extent plaintiff seeks reconsideration of the December 4, 2024 order denying his
5 motion to compel based on exhibit A attached to the pleading filed April 28, 2025, the request for
6 reconsideration is denied because plaintiff fails to adequately explain why he could not submit
7 this document with the motion to compel. See Local Rule 230(j). Although this Court does not
8 consider exhibit A, this Court observes that plaintiff submitted the request for medical records
9 attached as exhibit A approximately 1.5 years before filing the instant action. For this reason,
10 plaintiff's suggestion that prison officials intentionally withheld medical records in response to
11 this request because they knew that plaintiff was pursuing the claims raised in the instant action is
12 not well supported. Plaintiff also fails to explain the basis for his claim that prison officials
13 "picked and chose" the medical records they sent plaintiff in response to plaintiff's request for
14 records attached as exhibit A. For these reasons, were this Court to consider exhibit A, this Court
15 would not find this document to be persuasive evidence that prison officials withheld medical
16 records related to the claims raised in the instant action.

17 **V.  REQUEST FOR APPOINTMENT OF COUNSEL**

18       District courts lack authority to require counsel to represent indigent prisoners in section
19 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional
20 circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See
21 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
22 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional
23 circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
24 well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
25 legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did
26 not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional
27 circumstances is on the plaintiff. See id. Circumstances common to most prisoners, such as lack
28 of legal education and limited law library access, do not establish exceptional circumstances that

warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the December 4, 2024 order denying plaintiff's motion to compel (ECF No. 38) is granted and the December 4, 2024 order (ECF No. 33) is vacated;

2. Plaintiff's motion to compel (ECF No. 28) is denied; and

3. Plaintiff's supplement in support of the motion for reconsideration and motion for appointment of counsel (ECF No. 42) are denied.

Dated:  May 20, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cross3045.req/2

8