1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAMONT CROSSLEY,                          No.  2:23-cv-3045 DJC CSK P

12              Plaintiff,

13         v.                                    ORDER

14    DR. ARYA,

15              Defendant.

16

## I. INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for leave to file a first amended complaint filed November 14, 2024, pursuant to the mailbox rule.  (ECF Nos. 31, 32 at 20.)  On December 10, 2024, defendant Arya filed an opposition to plaintiff's motion to amend.  (ECF No. 35.)  On December 26, 2024, plaintiff filed a reply to defendant Arya's opposition.  (ECF No. 39.)  For the following reasons, plaintiff's motion to amend is granted.[1]

## II. BACKGROUND

Plaintiff filed the original complaint on December 28, 2023.  (ECF No. 1.)  Plaintiff

---

[1]  See Dillon v. Legacy Health, 2025 WL 1201757, at *1 n. 2 (D. Or. Apr. 24, 2025) (magistrate judges have authority to grant motions for leave to amend because such a disposition is considered non-dispositive).

1

1    named as defendants Dr. Arya and doe Registered Nurse ("RN").  (Id. at 1.)  Plaintiff alleged that

2    on or around October 2021, plaintiff believed that plaintiff fractured his right wrist.  (Id. at 2.)

3    Plaintiff filed a 7362 Medical Form complaining of pain, swelling and immobility and requesting

4    an x-ray of his right wrist  (Id.)  Defendant doe RN saw plaintiff at plaintiff's cell door.  (Id. at 3.)

5    After viewing plaintiff's right wrist, defendant doe RN told plaintiff, "You will be alright," and

6    walked away.  (Id.)  Defendant doe RN did not schedule plaintiff to see a doctor or for a follow-

7    up, although plaintiff's condition was pretty much the same as reported, i.e., limited mobility,

8    swelling and pain.  (Id.)  Plaintiff alleged that defendant Arya provided inadequate medical care

9    for plaintiff's right fractured wrist.  (Id. at 3-5.)

10          On January 9, 2024, the Court ordered service of defendant Arya as to plaintiff Eighth

11   Amendment and state law medical malpractice claims.  (ECF No. 5.)  On June 12, 2024,

12   defendant Arya filed an answer.  (ECF No. 21.)  On June 14, 2024, this Court issued a Discovery

13   and Scheduling order setting the discovery deadline for October 11, 2024 and the dispositive

14   motion deadline for January 3, 2025.  (ECF No. 22.)

15          Pursuant to the mailbox rule, on October 10, 2024, plaintiff filed a pleading titled, "First

16   Amended Complaint."  (ECF No. 27.)  In the amended complaint, plaintiff stated that he sought

17   to amend his complaint to identify defendant doe RN as Jennie Pascua.  (Id.)  Plaintiff's amended

18   complaint did not include plaintiff's claims against defendants Arya and Pascua.  (Id.)  On

19   October 25, 2024, this Court denied plaintiff's motion to amend because it failed to include

20   plaintiff's Eighth Amendment and state law medical malpractice claims against defendants Arya

21   and Pascua, as required by Local Rule 220.  (ECF No. 29.)  This Court granted plaintiff thirty

22   days to file a proposed amended complaint including all claims against defendants Arya and

23   Pascua.  (Id.)

24          On November 14, 2024 plaintiff filed a motion to amend and a proposed amended

25   complaint.  (ECF Nos. 31, 32.)  The allegations in the amended complaint are virtually identical

26   to the allegations in the original complaint except they identify the defendant doe RN as Jennie

27   Pascua.  (Id. at 32.)  In the motion to amend, plaintiff states that he seeks leave to amend his

28   complaint to identify Jennie Pascua as defendant doe RN.  (ECF No. 31 at 1.)  Plaintiff alleges

1   that after the alleged deprivations, plaintiff moved to a different yard. (Id.) On the new yard,

2   plaintiff had no contact with defendant Pascua and did not know her name. (Id.) Plaintiff alleges

3   that he recently came into contact with defendant Pascua because defendant Pascua is working on

4   plaintiff's new yard. (Id.) For this reason, plaintiff was able to obtain defendant Pascua's name.

5   (Id.) Plaintiff also claims that during discovery, defendant Arya attempted to conceal the identity

6   of defendant Pascua. (Id. at 1-2.) Plaintiff claims that defendant Arya did not provide plaintiff

7   with requested medical records that would have contained defendant Pascua's name. (Id. at 2.)

8   Plaintiff also alleges that the prison has not allowed plaintiff to review his own medical file or

9   copy evidence for his case. (Id.)

10      On December 17, 2024, this Court granted defendant Arya's motion to stay all pretrial

11   deadlines. (ECF No. 37.) This Court vacated the January 3, 2025 pretrial motion deadline and

12   ordered that this deadline would be reset following resolution of plaintiff's motion to amend.

13   (Id.)

14   **III. LEGAL STANDARD FOR MOTION TO AMEND**

15      A party seeking to amend a pleading after issuance of a pretrial scheduling order must first

16   show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b) and, second,

17   if good cause is shown, the party must demonstrate that the amendment is proper under Federal

18   Rule of Civil Procedure 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th

19   Cir. 1992).

20      To determine if good cause exists under Rule 16, courts generally consider the diligence

21   of the party seeking the modification. See id. at 609; Coleman v. Quaker Oats Co., 232 F.3d

22   1271, 1294 (9th Cir. 2000). Pursuant to Rule 16, "[t]he pretrial schedule may be modified 'if it

23   cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v.

24   S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

25   "Although the existence or degree of prejudice to the party opposing the modification might

26   supply additional reasons to deny a motion, the focus of the inquiry [under Rule 16] is upon the

27   moving party's reasons for seeking modification." Johnson, 975 F.2d at 609 (citation omitted). If

28   the moving party fails to show diligence, "'the inquiry should end.'" Coleman, 232 F.3d at 1295

3

(quoting <u>Johnson</u>, 975 F.2d at 609).

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." <u>Eminence Cap., LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citations omitted). The court considers five factors in deciding a motion for leave to amend under Rule 15: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. <u>See In re W. States Wholesale Nat. Gas Antitrust Litig.</u>, 715 F.3d 716, 738 (9th Cir. 2013), aff'd sub nom. <u>Oneok, Inc. v. Learjet, Inc.</u>, 575 U.S. 373 (2015).

## IV. ANALYSIS

### A. Rule 16

For the following reasons, this Court finds that plaintiff establishes good cause pursuant to Rule 16 for the proposed amended complaint. On October 10, 2024, plaintiff originally sought to amend his complaint to identify Jennie Pascua as defendant doe RN, albeit one day prior to the discovery deadline. After the Court dismissed the improperly filed amended complaint, plaintiff filed the pending motion to amend and proposed amended complaint within the thirty days granted by the Court. In the pending motion to amend, plaintiff seeks to identify the defendant doe RN named in the original complaint. This Court accepts plaintiff's explanation that he could not have previously discovered the identity of the defendant doe RN because plaintiff moved away from the yard where the alleged deprivations occurred. This Court also accepts plaintiff's explanation that he recently discovered the identity of the defendant doe RN because the defendant doe RN, Jennie Pascua, is now working on the yard where plaintiff is currently housed. This Court finds that, pursuant to Rule 16, plaintiff acted diligently in seeking to amend his complaint to identify Jennie Pascua as the defendant doe RN once plaintiff discovered her identity.

In the opposition, defendant Arya observes that in the December 4, 2024 order denying plaintiff's motion to compel, this Court noted that plaintiff did not claim that he filed a request for

4

an Olsen review regarding his medical records.[2]  (ECF No. 35 at 3.)  Defendant Arya suggests that plaintiff was not diligent in attempting to identify defendant doe RN's identity because plaintiff did not request an Olsen review.  (Id.)  For the following reasons, this Court is not persuaded by this argument.  As discussed in the December 4, 2024 order, plaintiff served defendant Arya with a request for production of documents seeking all medical records related to plaintiff's right wrist injury.  (ECF No. 33 at 1.)  On September 12, 2024, defendant Arya served plaintiff with an initial response to plaintiff's request for production of documents.  (Id. at 2.)  On October 8, 2024, defendant Arya served plaintiff with a supplemental response to the request for production of documents.  (Id.)  Plaintiff appears to claim that defendant Pascua was not identified in any of the medical records defendant gave plaintiff in response to the request for production of documents.  (See ECF No. 34 at 2.)  This Court finds that plaintiff acted diligently in attempting to identify the defendant doe RN by way of discovery rather than by way of an Olsen review.

Plaintiff's claim that defendant Arya concealed the identify of defendant Pascua by withholding medical records sought in plaintiff's request for production of documents is the subject of the pending motion for reconsideration of the December 4, 2024 order denying plaintiff's motion to compel.  As discussed in the separately issued order addressing plaintiff's motion for reconsideration, this Court finds no persuasive evidence that defendant Arya failed to adequately respond to plaintiff's request for production of documents.  For these reasons, plaintiff's claim that plaintiff did not file a motion to amend sooner due to defendant Arya's misconduct during discovery is unsupported.

**B. Rule 15**

Although defendant Arya's opposition addresses only prejudice and undue delay, this Court addresses all five factors set forth above for determining whether leave to amend is warranted under Rule 15.

---

[2]  An Olsen review is a process where an inmate submits a request to view his medical records and then prison staff will set up a time for the inmate to review his records.  See Gray v. Virga, 2015 WL 1509082, at *3 (E.D. Cal. Apr. 1, 2015).

1                 1.  Prejudice

2         As consideration of prejudice to the opposing party carries the greatest weight, this Court

3 considers this factor first.  See Eminence Capital, LLC, 316 F.3d at 1052.  Defendant Arya argues

4 that defendant will be prejudiced if plaintiff is granted leave to amend his complaint.  (ECF No.

5 35 at 4.)  Defendant Arya observes that discovery closed on October 11, 2024 and the dispositive

6 motion deadline was January 3, 2025.  (Id.)  Defendant Arya argues that if plaintiff is permitted to

7 proceed on his amended complaint, litigation in this case would start over from the beginning.

8 (Id.)  Defendant Arya argues that he will be required to answer the amended complaint.  (Id.)

9 Defendant Arya argues that the Court will be required to set new deadlines for all parties to

10 complete discovery and file motions to compel, tasks which have already been completed by

11 defendant Arya.  (Id. at 4-5.)  Defendant also argues that defendant Arya is prejudiced by the

12 delay in resolution of this action if plaintiff is allowed to amend his complaint.  (Id.)

13         If plaintiff's motion to amend is granted, the Court will not reopen discovery between

14 plaintiff and defendant Arya.  If plaintiff's motion to amend is granted, the Court will reset the

15 dispositive deadline to a date after the completion of discovery between plaintiff and defendant

16 Pascua.  While granting plaintiff's motion to amend would delay resolution of this action for

17 defendant Arya, defendant Arya had notice of plaintiff's allegations against the defendant doe RN

18 as they were raised in the original complaint.  Based on these circumstances, this Court finds that

19 the prejudice to defendant Arya from allowing plaintiff to amend the complaint is minimal.

20                 2.  Undue Delay

21         Defendant Arya argues that plaintiff failed to act diligently in seeking to identify the

22 defendant doe RN.  (Id. at 5.)  Defendant Arya argues that plaintiff failed to act diligently in

23 seeking the information he desired by failing to exercise the avenues available to him, whether

24 through discovery or seeking a review of his medical records.  (Id.)  Defendant Arya argues that

25 plaintiff should not be rewarded for his failure to seek to leave to amend his complaint prior to the

26 end of the discovery period.  (Id.)

27         As discussed above, although plaintiff's first motion to amend was defective, plaintiff

28 filed the first motion to amend prior to the close of discovery.  In addition, in the pending motion,

1    plaintiff states that he discovered the identity of the defendant doe RN after he recently came into

2    contact with her on the yard.  Plaintiff's attempt to discover the identity of defendant doe RN by

3    way of discovery, apparently unsuccessfully, rather than by way of an Olsen review does not

4    demonstrate that plaintiff was not diligent in attempting to identify the defendant doe RN.  For

5    these reasons, this Court finds that plaintiff did not act with undue delay in seeking to amend his

6    complaint to identify the defendant doe RN.

7                         3.  Futility

8            This Court finds plaintiff's proposed amended complaint states potentially colorable

9    Eighth Amendment and medical malpractice claims against defendant Pascua.  Because

10   plaintiff's claims against defendant Pascua are not futile, this factor weighs in favor of granting

11   plaintiff's motion to amend.  See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir.

12   2017) (amendment is futile when no set of facts can be proved under the amendment to the

13   pleadings that would constitute a valid and sufficient claim or defense).

14                        4.  Bad Faith

15           For a court to deny leave to amend based on bad faith, the court must find that "the

16   plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories,"

17   Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999), or that the plaintiff has

18   otherwise acted with a "wrongful motive," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187

19   (9th Cir. 1987).  This Court finds that plaintiff's proposed amendment is not made in bad faith.

20   Accordingly, this factor weighs in favor of granting the motion to amend.

21                        5.  Previous Amendments

22           As discussed above, plaintiff filed a defective motion to amend one day before the

23   discovery deadline.  Plaintiff then filed the pending motion for leave to file the first amended

24   complaint.  Plaintiff's previous defective motion to amend does not weigh in favor of denying

25   plaintiff's motion to amend.  See Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th

26   Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where

27   plaintiff has previously amended the complaint.").

28   / / /

1          6. Conclusion

2          For the reasons discussed above, this Court finds that the factors weigh in favor of

3   granting plaintiff's motion to amend pursuant to Rule 15.

4      **C. Conclusion**

5          For the reasons discussed above, plaintiff's motion amend is granted.  See also Crowley v.

6   Bannister, 734 F.3d 967, 978 (9th Cir. 2013) ("[a] district court abuses its discretion by denying

7   leave to amend where the complaint's deficiencies could be cured by naming the correct

8   defendant."); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing

9   Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980) ("where the identity of the alleged defendant is

10  not known prior to the filing of a complaint, the plaintiff should be given an opportunity through

11  discovery to identify the unknown defendants, unless it is clear that discovery would not uncover

12  the identities, or that the complaint would be dismissed on other grounds.") (quotation and

13  citation marks omitted).

14         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 31)

15  is granted.

16  Dated:  May 20, 2025

17

18                                              CHI SOO KIM
                                                UNITED STATES MAGISTRATE JUDGE
19

20

21  Cross3045.mta/2

22

23

24

25

26

27

28

                                                8